**In re Anita Marguerite LANCIAUX, Debtor.**

**REALTY DATA, INC., Plaintiff,**

v.

**Anita Marguerite LANCIAUX, Defendant/Third Party Plaintiff,**

v.

**Henri R. LANCIAUX and Michele T. Lanciaux, Third Party Defendants/Fourth Party Plaintiffs,**

v.

**COMMONWEALTH LAND TITLE & INSURANCE COMPANY, Fourth Party Defendant.**

**Bankruptcy No. 8600428.
Adv. No. 860110.**

United States Bankruptcy Court,
D. Rhode Island.

July 27, 1987.

---

Alfred G. Thibodeau, Providence, R.I., for Realty Data.

Mark H. Burnham, Providence, R.I., for Commonwealth Land Title Ins. Co.

## DECISION AND ORDER DENYING THIRD–PARTY DEFENDANTS' MOTION TO DISMISS AND MOTION TO ABSTAIN

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the trustee's objection [1] to the motion to dismiss the third-party complaint against Henri and Michelle Lanciaux. The third-party complaint being challenged is closely related (as are the defendants) to the complaint filed by Realty Data, Inc. against the debtor, which seeks a determination that the debt owed to Realty Data is nondischargeable, pursuant to 11 U.S.C. § 523(a)(2).

The relevant facts are as follows: Debtor, the mother of third-party defendant Henri Lanciaux, sold her house to her son and daughter-in-law on April 17, 1985, for $30,000. The trustee alleges that the selling price was below the fair market value, while the debtor answers that she was motivated by familial considerations in accepting such a low price from her son and his wife. The trustee also alleges that at the closing the debtor received a check in the amount of $28,000, but that the third-party defendants improperly induced her to endorse the check (which was subsequently negotiated), and that most of the funds were converted by the third-party defendants to their own use.

By oversight, the title examiner, Realty Data, missed the mortgage of Aetna Finance Company. As a result of that error, Aetna was not paid at the closing, and the mortgage remained as an encumbrance when the debtor transferred the property to her son and daughter-in-law by warranty deed. Realty Data had been engaged by Henri Lanciaux as the title examiner-agent,

George M. Prescott, Oster, Groff & Prescott, Lincoln, R.I., for trustee.

Peter G. Berman, Raskin & Berman, Providence, R.I., for Henri and Michele Lanciaux.

1. On December 31, 1986, we approved the trustee's motion to employ George M. Prescott, Esq. (whose former associate filed the petition on behalf of the debtor) as attorney for the trustee to pursue the third-party complaint. It is clear, notwithstanding Mr. Prescott's dual representation, that the trustee is the party seeking recovery under the third-party complaint and we have treated the complaint as that of the trustee.

and had obtained an owners' title insurance policy, as well as a mortgagee's title insurance policy for the financing bank. The title insurance policies were obtained by Realty Data as the issuing agent of Commonwealth Land Title Insurance Company. When Aetna Finance Company became aware that the property had been sold without payment of its mortgage, it threatened foreclosure. Thereupon, Realty Data purchased the note and mortgage from Aetna to prevent foreclosure on property for which it had obtained title insurance. Subsequently, Realty Data brought suit on the mortgage note against the debtor in Providence County Superior Court, C.A. No. 86–1100, for $17,000, and the debtor filed the instant Chapter 7 petition on June 19, 1986. Thereafter, Realty Data brought a complaint under § 523(a)(2) seeking a determination of nondischargeability, and for judgment on the debt.

Third-party defendants Henri and Michele Lanciaux have moved to dismiss the third-party complaint against them. They argue that the complaint is not related to the dischargeability issue, that it asserts state law causes of action against them for monetary damages and recision of the real estate transfer, and that they are not subject to the jurisdiction of this Court. The trustee argues that the facts and circumstances of the transfer of the subject property are so intertwined with the issue of dischargeability that this Court has ancillary jurisdiction over the claims against the third-party defendants.

■ A bankruptcy court may exercise jurisdiction over a third-party complaint if it is related to a case under Title 11. *See Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch, U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir.1987). In ruling on a motion to dismiss, "whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Obviously, the issue of dischargeability of a debt is within our jurisdiction as a core

proceeding, 28 U.S.C. § 157(b)(2)(I) and the third-party defendants have not questioned that proposition. The issue then, is whether the third-party complaint arises under Title 11 or is related to a case under Title 11.

■ "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d.Cir.1984). Construing the allegations of the amended complaint most favorably to the trustee, *Scheuer v. Rhodes*, *supra*, it is clear that the questions of fact involving the conduct of the debtor and the third-party defendants are common, and affect both the issues of dischargeability and any potential recovery for the estate. If the debt of $14,309.32 is found nondischargeable, the debtor will remain liable to Realty Data, which will have a judgment for that amount. Count II of the amended complaint alleges that the third-party defendants induced the debtor to engage in conduct which forms the basis of Realty Data's complaint under § 523(a)(2). Count I of the amended complaint seeks damages from the third-party defendants. Any recovery would benefit all creditors, including Realty Data. To hold that the alleged acts of the third-party defendants are not related to this bankruptcy case, would ignore the plain reality that the transaction in question is so intertwined with Realty Data's allegations against the debtor, that any determination of those issues without the presence of the third-party defendants would be a meaningless procedural exercise. At a minimum, the third-party complaint constitutes a related proceeding, over which this Court clearly has jurisdiction. *In re Dogpatch, U.S.A., Inc., supra.*

■ As relief, the trustee seeks monetary damages in Count I, and recision of the transfer in Count II of the original complaint. The trustee alleges that the purchase price paid by the third-party defendants, $30,000, was below the fair market value of the property. In Count II of

the third-party complaint, the trustee seeks to avoid a fraudulent transfer of the debtor's property. Although such a complaint would be time barred by 11 U.S.C. § 548, the trustee could still bring an action under 11 U.S.C. § 544, and the Rhode Island Fraudulent Transfer Act, R.I.GEN.LAWS § 6–16–1, *et seq.*, (1986), if the debtor did not receive "reasonably equivalent value in exchange." A proceeding to recover a fraudulent conveyance is a core proceeding, 28 U.S.C. § 157(b)(2)(H), which is clearly within the jurisdiction of this Court. Therefore, construing the allegations of the complaint in the light most favorable to the trustee, *Scheuer v. Rhodes, supra,* the motion to dismiss the third-party complaint for lack of jurisdiction is denied, and the trustee is ordered to become a party to the complaint.

 In the alternative, the third-party defendants argue that the matter falls within the mandatory abstention requirements of 28 U.S.C. § 1334(c)(2). As we have stated, however, the third-party complaint may also be read as one seeking relief under § 544 and, as such, would be a core proceeding to which § 1334(c)(2) does not apply. Mandatory abstention applies to a related proceeding if the matter is based on a state law claim or cause of action "with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section ... if an action is commenced, *and can be timely adjudicated"* in the appropriate state forum. 28 U.S.C. § 1334(c)(2) (emphasis added). The trustee asks that we recognize that it currently takes three to four years for a newly commenced civil case to come to trial in the Rhode Island Superior Court. No objection has been raised to this request and the fact is one that we think is appropriate for judicial notice. FED.R.EVID. 201(d) requires us to take judicial notice when requested. In view of the fact that no state court action is pending,[2] that both complaints are based on the same nucleus of facts, and considering the delay probably

involved to reach trial in state court, abstention is not required, *see In re DeLorean Motor Co.,* 49 B.R. 900, 911 (Bankr.E.D. Mich.1985), especially when, at this stage in the pleadings (i.e., complaint, answer, and motion to dismiss) the third-party action may well be a core proceeding. *See Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.),* 815 F.2d 165, 171 (1st Cir.1987). For the foregoing reasons, the motion to abstain is also denied.

---

**2.** Lack of a pending state court proceeding is not dispositive. *See In re P & P Oilfield Equip-* *ment, Inc.,* 71 B.R. 621, 15 B.C.D. 1021 (Bankr. D.Colo.1987).