**David PHILIPPE, Plaintiff,**

v.

**SHAPE, INC., Anthony L. Gelardi and Paul J. Gelardi, Defendants.**

Civ. No. 87–0337–P.

United States District Court, D. Maine.

July 18, 1989.

Thomas H. Allen, Jerrol A. Crouter, William A. McCue, Drummond Woodsum

Plimpton & MacMahon, Portland, Me., for plaintiff.

Paul F. Zendzian, Poulos Campbell & Zendzian, Portland, Me., for defendant Shape, Inc.

Joni Walser, Charles Normandin, Douglas Meal, Ropes & Gray, Boston, Mass., for defendant Shape, Inc.

Thomas Wheatley, Thomas Schulten, Perkins Thompson Hinckley & Keddy, Portland, Me., Charles W. Morse, Sullivan & Worcester, Boston, Mass., for defendants Gelardi.

## ORDER

GENE CARTER, District Judge.

## I. INTRODUCTION

Plaintiff filed this civil action in December 1987. The action proceeded toward trial over the course of the next year, and by November 7, 1988, discovery was completed and a trial date had been set. On that date, however, Plaintiff's claims in this action were stayed by Defendant Shape's filing for protection under Chapter 11 of the Bankruptcy Code. By endorsement dated November 17, 1988, the Court denied Plaintiff's motion to sever and permit trial to proceed against Defendants Anthony L. Gelardi and Paul J. Gelardi ("the Gelardis").

Now before the Court is Plaintiff's Motion for Referral to the Bankruptcy Court, filed on June 16, 1989. Plaintiff seeks referral of his claims against the Gelardis to the United States Bankruptcy Court, claiming that such claims are "related to" the bankruptcy estate of Shape, Inc., as that term is used in 28 U.S.C. section 157(c)(1), and that referral would be in the interest of judicial economy. In accordance with the analysis that follows, the Court hereby grants Plaintiff's motion.

## II. ANALYSIS

Pursuant to 28 U.S.C. section 157(a), each district court has authority to refer to the bankruptcy court "any and all cases ... arising in or related to a case under title 11." Bankruptcy judges have authori-

ty to hear "core proceedings" arising under title 11, 28 U.S.C. section 157(b)(1), and proceedings that are not core proceedings but that are otherwise related to a case under title 11, 28 U.S.C. section 157(c)(1). Plaintiff concedes that his claims against the Gelardis do not constitute a core proceeding as this term is defined in 28 U.S.C. section 157(b)(2). The basis of Plaintiff's motion for referral is that his claims against the Gelardis are related to the Shape bankruptcy proceeding, and as such may be heard by the Bankruptcy Court.

The Court now faces the task of determining whether Plaintiff's claim against the Gelardis is "related to" the Shape bankruptcy and therefore may be heard by the Bankruptcy Judge on referral from this Court. This Court has had occasion to apply the test for determining whether a case is related to a bankruptcy proceeding. In *Central Maine Restaurant Supply v. Omni Hotels Management Corp.*, 73 B.R. 1018 (D.Me.1987), the Court adopted the analysis set out in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), which considers a proceeding to be related if "the outcome of that proceeding *could conceivably have any effect on the estate* being administered in bankruptcy." *Omni Hotels*, 73 B.R. at 1023, *citing Pacor*, 743 F.2d at 994 (emphasis supplied). This rather broad test focuses on the potential effect upon the estate itself, rather than upon the amount of overlap of the facts underlying the proceedings. *Id.*

In *Pacor*, which involved a products liability suit against an asbestos distributor (Pacor), the Court of Appeals for the Third Circuit found that the products liability action was not "related to" the ongoing bankruptcy case of Johns–Manville, the asbestos manufacturer. The Third Circuit's analysis focused upon the lack of an indemnification relationship between the asbestos manufacturer, Johns–Manville, and the asbestos distributor, Pacor. The Third Circuit found that the products liability action was not "related to" the bankruptcy proceeding because a plaintiff's verdict would not, by itself, be sufficient to gain even a

contingent claim against Johns–Manville. *Pacor*, 743 F.2d at 995. It was noted that there would be no automatic creation of liability against Manville on account of a judgment against Pacor. Pacor is not a contractual guarantor of Manville, nor has Manville agreed to indemnify Pacor, and thus a judgment in the Higgins–Pacor action could not give rise to any automatic liability on the part of the estate.

*Id.* For plaintiffs to enforce a judgment against Johns–Manville would require an entirely separate proceeding addressing whether the manufacturer was obligated to indemnify its distributor. On this basis, the Third Circuit concluded that the outcome of the underlying products liability action could have no conceivable effect on, and therefore was not "related to," the Johns–Manville bankruptcy estate.

Following the *Pacor* analysis, in *Omni Hotels*, this Court considered the indemnification provisions between related entities and concluded that no referral to the bankruptcy court was warranted.[1] In that action, Central Maine Restaurant Supply, Inc. ("CMRS") sued Omni Hotels Management Corporation, *inter alia*, for payment for delivery of goods sold and delivered. Omni Hotels[2] was acting as agent for Sugarloaf

Mountain Corporation ("Sugarloaf") and its wholly owned subsidiary, Mountainside, at the time the debt was allegedly incurred. 73 B.R. at 1019. Subsequent to the delivery of the goods but prior to CMRS's filing of the action, Sugarloaf filed for Chapter 11 protection. The Chapter 11 proceedings were referred to the United States Bankruptcy Court for the District of Maine, pursuant to 28 U.S.C. section 157(a). *Id.* Defendant Omni Hotels and Sugarloaf moved the Court to refer CMRS's action against Omni Hotels to the Bankruptcy Court.[3]

In denying the motion to refer, the Court cited contractual conditions precedent to indemnification of Omni Hotels as the basis for finding an insufficient level of relatedness. In order to secure indemnification under Sugarloaf's reorganization plan, Omni was obligated to notify Sugarloaf promptly, and to "tender[ ] any such claim to the Debtors for defense and payment, if requested." 73 B.R. at 1023–24. In addition, the indemnification provision secured funds for only six months from the date of confirmation. *Id.* at 1024. The Court found that these conditions rendered Omni's right to indemnification so uncertain as to leave resolution of CMRS's

---

1. In *Pacor*, the "relatedness" issue arose in the context of determining whether the federal courts had jurisdiction to hear the products liability action as a related case under 28 U.S.C. § 1471(b). Section 1471(b) provides that federal jurisdiction exists over all civil proceedings arising under title 11 or arising in, *or related to*, cases under title 11. Finding that the bankruptcy and products liability actions were insufficiently related, the Court of Appeals for the Third Circuit determined that no federal court jurisdiction existed and remanded the products liability action to the state court.

In *Omni Hotels*, this Court addressed a slightly different issue, directly applicable to the case now before it, concerning whether a bankruptcy judge may hear a case arising out of a disputed payment between parties, neither of whom is involved in the bankruptcy currently before the Bankruptcy Court. Federal court jurisdiction, based on diversity of citizenship, was not in dispute. Rather, the issue was whether the Court could refer the action to the Bankruptcy Court under 28 U.S.C. § 157(c), to be considered along with the ongoing bankruptcy action. Section 157(c) permits the Court to refer to the Bankruptcy Court all proceedings arising in, *or*

*related to*, a case under title 11. Because the language in sections 1471(b) and 157(c) is for present purposes identical, the Court applies the *Pacor* analysis to the section 157(c) claim.

2. At the time the debt was allegedly incurred, Omni Hotels was doing business as Dunfey Hotels Corporation.

3. In its briefing in opposition to Plaintiff's motion to refer this case to the bankruptcy court, the Gelardis have miscast the posture of the *Omni Hotels* case. The Gelardis state that "this Court considered a request of a non-party, the Chapter 11 debtor Sugarloaf Mountain Corporation, to refer the case to which it was not a party to the Bankruptcy Court." Defendants' Brief at 7–8. In fact, Omni Hotels and Sugarloaf *together* brought the motion to refer the case, which the Court addressed as a motion brought by Defendant Omni Hotels. 73 B.R. at 1019 ("... the Court proceeds to discuss *what must now be considered as [Defendant Omni Hotels'] motion* to refer the case to the Bankruptcy Court") (emphasis added).

claim without effect on the bankruptcy estate.

Applying the *Pacor* test here, and considering whether the case at bar could conceivably have any effect on the estate of the Shape bankruptcy, yields a different result. Article 7 of the Shape Bylaws expressly provide for indemnification of the Gelardis as officers, directors, and employees of Shape during the period in which Plaintiff's claim arose. Section 7.01 provides as follows:

> The corporation shall in all cases indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative, by reason of the fact that he is or was a director, officer, employee or agent of the corporation....

The Court cannot find, and Defendants do not proffer, any indication that such indemnification is subject to any conditions, including those of the type found in *Pacor* and *Omni Hotels*. Absent such conditions, the Court finds that the outcome of Plaintiff's suit against the Gelardis could conceivably have an effect upon the Shape bankruptcy estate. By virtue of the apparently unconditional duty to indemnify, a judgment in favor of Plaintiff in this action would automatically result in indemnification liability on the part of Shape. This, in turn, would necessarily affect the administration of the Shape bankruptcy estate, as some part of the estate otherwise owing to existing creditors would be susceptible to being diverted to meet this indemnity obligation. Therefore, under the *Pacor* definition adopted by this Court in *Omni Hotels*,

the proceedings are related as the term is used in 28 U.S.C. section 157(c)(1).

Furthermore, consistent with its Order dated November 17, 1988, the Court believes that referral of this case to the Bankruptcy Court would be in the interest of judicial economy. The Court found previously in this case that a separate trial

> is neither practical, consistent with the interest of the Court and the parties in judicial economy, and that it, and any result obtained as a result thereof, would interfere with and impede the resolution of the bankruptcy proceedings against Shape and occasion needless duplication of judicial effort.

Endorsement of November 17, 1988, on Plaintiff's Motion to Sever and Permit Trial to Proceed Against the Defendants Gelardi. Pursuant to 28 U.S.C. section 157(c)(1), the Court will consider the record and proposed findings of fact and conclusions of law made in the Bankruptcy Court, and review *de novo* only those matters to which any party has timely and specifically objected.[4]

### III. ORDER

Accordingly, it is ORDERED that Plaintiff's motion be, and it is hereby, GRANTED.

---

4. In its memorandum in opposition to Plaintiff's motion to refer the case to the Bankruptcy Court, Defendants cite *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), for the proposition that such a reference to a non-Article III forum is unconstitutional. Defendants' suggestion is without foundation, however, in light of the requirement in 28 U.S.C. section 157(c)(1) that any contested matters be subject to *de novo* review by this Court. In the absence of the parties' consent, section 157(c)(1) requires that

the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings of fact and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

This mandated *de novo* review by an Article III court removes any constitutional bar to the Bankruptcy Court's jurisdiction to hear this case.