**In re Charles MAYHONE
and Debby Mayhone.**

**Norman R. JONES, Plaintiff,**

v.

**Charles MAYHONE and Debby Mayhone, Defendants,**

**Frederick S. Wetzel, III,
Trustee, Intervenor.**

**Bankruptcy No. 93–16059S.
Adv. No. 93–6513.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

March 23, 1994.

---

1. This Court has addressed issues similar to those raised by the parties in *In re Washington,*

137 B.R. 748 (Bankr.E.D.Ark.1992).

Karen Johnson, Little Rock, AR, for plaintiff.

Byron Rhodes, Hot Springs, AR, for debtors/Defendants.

Frederick Wetzel, Little Rock, AR, Trustee.

### *ORDER OF DISMISSAL*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial on the complaint for recovery of funds. During the pendency of the adversary proceeding, the trustee filed a complaint in intervention, disclaiming any interest in the funds. Trial was held on February 9, 1994, Karen Johnson appearing on behalf of the plaintiff landowner, Norman Jones, and Byron Rhodes, appearing on behalf of the debtor defendants. At the conclusion of trial, the record remained open for the parties to submit legible copies of the evidence submitted during trial. The substitute documentation was submitted to the Court on

February 23, 1994, whereupon the matter was under submission.

The pertinent facts are not disputed. On February 4, 1993, the parties executed documents by which the plaintiff agreed to sell to the debtors certain real property. This bankruptcy proceeding was filed eight days later, on February 12, 1993. After filing for bankruptcy protection and already in default on the land-sale contract, the debtors, on March 18, 1993, cut timber from the property and sold it for $1,663.68. Soon, thereafter the debtors abandoned the property and relinquished all rights to the property. Plaintiff now seeks to obtain the $1,663.68 held in the registry of the Court. Defendants state no argument in opposition to the complaint, but merely assert that they are entitled to the funds.

Although no party makes the appropriate jurisdictional statements in the pleadings as required by Rule 7008, Federal Rules of Bankruptcy Procedure, the Court has an independent duty to examine subject matter jurisdiction. The district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). This Court has the power to decide and/or hear such proceedings by virtue of the reference from the district court made pursuant to 28 U.S.C. § 157(a). In order for subject matter jurisdiction to exist under the Bankruptcy Code in a particular proceeding, the proceeding must "arise under title 11," or "arise in," or be "related to" a case under title 11.

■ In general, a proceeding "arises under" title 11 if it is an action created by title 11 or involves administration of the estate. Proceedings "arising in" a case under title 11 are not necessarily causes of action created by title 11, but are actions which could not have been filed absent the bankruptcy case. The complaint for money damages for timber cutting in this Chapter 7 clearly does not fall within these concepts. This is especially true because the trustee has asserted no interest in this proceeding on behalf of the estate.

The only manner in which this Court may assert jurisdiction is if the matter is "related to" a case under title 11.

■ In general, a matter is considered "related to" the bankruptcy if "the outcome of that proceeding could conceivably have any *effect on the estate* being administered. An action is related if the outcome could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way *impacts upon the* handling and administration of the bankruptcy *estate.*" *In re Dogpatch,* 810 F.2d 782, 786 (8th Cir.1987) (emphasis added). *Accord Abramowitz v. Palmer,* 999 F.2d 1274, 1277 (8th Cir.1993).

■ The proceeding before the Court is not "related to" the bankruptcy case because it in no manner impacts upon the handling and administration of the bankruptcy estate. The fact that the dispute may have an impact upon the debtor is insufficient. Here, the complained of action by the debtor took place post-filing and the trustee has indicated no interest in the dispute on behalf of the estate's unsecured creditors. A mere overlap between debtor's affairs and another dispute does not confer "related to" jurisdiction unless the dispute also affects the debtor's estate or allocation of assets. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 787 (11th Cir.1990). Moreover, the mere fact that the bankruptcy affects the creditor's rights or abilities to act, does not mean that the dispute affects the bankruptcy. *Southtrust Bank of Dothan, N.A. v. Alpha Steel Co., Inc. (In re Alpha Steel Co., Inc.),* 142 B.R. 465 (M.D.Ala.1992). Accordingly, this Court has no subject matter jurisdiction over the dispute.[1]

**ORDERED** that this adversary proceeding is DISMISSED for lack of subject matter jurisdiction. 28 U.S.C. § 1334.

**IT IS SO ORDERED.**

---

1. Since the trustee still holds the funds, it appears that an interpleader action in state court would be appropriate.