In re Forest D. OWEN and
Annette Owen, Debtors.

Forest D. OWEN, Debtor, Plaintiff,

v.

Alexandra L. TREADWAY, Esq., Christopher J. Devlin, Esq., Verrill & Dana and Baystate Leasing Associates II, Defendants.

Bankruptcy No. 91–21157.
Adv. No. 93–2081.

United States Bankruptcy Court,
D. Maine.

June 23, 1994.

Mary Ellen Rogers, Verrill & Dana, Portland, ME, for plaintiff.

Stephen C. Chute, Portland, ME, for defendants.

### *MEMORANDUM OF DECISION*

JAMES A. GOODMAN, Chief Judge.

Plaintiff–Debtor Forrest D. Owen ("Owen") has filed a two-count complaint in which he attempts in Count I to recover costs, attorney's fees and punitive damages for an alleged violation of the discharge injunction of 11 U.S.C. § 524, and seeks in Count II to avoid an attachment by trustee process. Before the Court today is Defendants' motion to dismiss that portion of Count I pertaining to punitive damages, and to dismiss Count II in its entirety, for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) (incorporated by Fed.R.Bankr.P. 7012). As discussed below, Defendants' motion is granted.

## I. BACKGROUND

On January 29, 1988, Baystate Leasing Associates II, Inc. ("Baystate") leased a bulldozer to Owen Construction and Excavation, Inc. (the "Lease"). Owen was the sole proprietor of Owen Construction and he guaranteed the Lease pursuant to a agreement executed on February 1, 1988. On February 2, 1990, Owen filed for protection under Chapter 13 of the Bankruptcy Code, and the case was subsequently dismissed on September 23, 1991.

Because Owen was in default under the terms of the Lease, on October 4, 1991, Baystate filed a complaint against Owen in Maine Superior Court seeking judgment against Owen in the amount of $33,900. In addition, to facilitate recovery of any .deficiency existing after the sale of the bulldozer, Baystate received an *Ex Parte* order approving pre-judgment attachment and attachment on trustee process against property of Owen. A trustee summons was served upon Coastal Savings Bank ("Coastal") and Coastal disclosed that it had in its possession funds of Owen in the amount of $1,962.12. This created a lien for $1,962.12 in favor of Baystate. (The "Baystate Lien") *See Calvert v. Corthell*, 599 A.2d 69 (Me.1991).

Before Baystate could receive a judgment on its complaint, on November 18, 1991, Owen filed again for relief under Chapter 13 joined by his spouse. On March 2, 1993, the proceeding was converted to Chapter 7. An Order of Discharge was entered on June 15, 1993, and the case was closed pursuant to a final decree entered on July 27, 1993.[1]

On August 13, 1993, in order to execute on the in rem portion of the Baystate lien, Baystate filed a motion in Maine Superior Court for Enlargement of Time to Complete Service of Process. The Motion stated that "Plaintiff [Baystate] will be dismissing all personal counts against Defendant Forest D. Owen to the extent that they seek relief beyond Plaintiff's secured interest." The

state court granted this motion. However, rather than amend the original 1991 complaint to reflect the fact that Baystate was not pursuing Owen personally for the Lease debt, on or about September 1, 1993, Baystate served Owens with a copy of the original 1991 complaint demanding judgment against him in the amount of $33,900. After Owen failed to answer the complaint, Baystate filed a motion for a default judgment which is currently pending in York County Superior Court.

On November 22, 1993, Owen filed a two count complaint with this Court naming Baystate, Attorney Alexandra Treadway, Attorney Christopher Devlin and the law firm of Verrill & Dana as defendants (the "Defendants").[2] Count I of the complaint alleges that Defendants violated the discharge injunction of 11 U.S.C. § 524(a)(2) by: (1) Reserving the October 4, 1991 complaint on Owen in early September, 1993 without deleting that portion of the complaint which stated that Baystate was attempting to recover $33,900 from Owen, and; (2) Filing an application for default with the York County Superior Court. Owen alleges that he suffered emotional distress as a result of Defendants actions to collect the $33,900 debt and asks for $2,500 in costs and attorney's fees as well as punitive damages in the amount of $15,000. In Count II of the complaint, Owen attempts to avoid the Baystate lien and he demands that the funds be turned over to Owen.[3]

## II. ANALYSIS

Defendants assert that: (1) The punitive damages allegation in Count I should be dismissed because Owen fails to allege the essential elements for a claim for punitive damages, and; (2) Count II should be dismissed because Owen lacks standing to pursue an avoidance action. These arguments are addressed below.

---

1. The case was closed without administration by the Chapter 7 trustee of the $1,962.12 in the Coastal account.

2. Baystate is represented by the law firm of Verrill & Dana. Attorney Christopher J. Devlin and attorney Alexandra Treadway are employed by

Verrill & Dana and represent Baystate on behalf of Verrill & Dana.

3. On December 20, 1993, this Chapter 7 proceeding was reopened to allow consideration of the instant adversary proceeding.

## A. COUNT I OF OWEN'S COMPLAINT: PUNITIVE DAMAGES

To recover punitive damages for violation of Section 524's discharge injunction, one must show "malevolent intent" on the part of the violator. *In re Brantley,* 116 B.R. 443, 449 (Bankr.D.Md.1990). It is not sufficient to merely show that the actions were deliberate. *Id.* Similarly, to recover punitive damages for violation of the automatic stay provisions of 11 U.S.C. § 362(h), one must demonstrate egregious, intentional misconduct or bad faith. *See, e.g., Lovett v. Honeywell, Inc.,* 930 F.2d 625, 628 (8th Cir. 1991); *In re Atlantic Business and Community Corp.,* 901 F.2d 325, 329 (3rd Cir.1990); *In re Crysen/Montenay Energy Co.,* 902 F.2d 1098, 1105 (2nd Cir.1990). In the instant case, Owen does not allege any facts that would support a finding that the Defendants acted with malevolent intent, in an egregious intentional manner or in bad faith: Owen only alleges that Defendants "willfully violated the injunction." Construing the allegations in the complaint in a light most favorable to Owen, Owen has failed to plead sufficient facts in Count I of the complaint to recover punitive damages. Therefore, this portion of Count I is dismissed under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[4] The Court will schedule a hearing to determine if there has been a violation of the discharge injunction that may entitle Owen to receive actual damages.

## B. COUNT II OF OWEN'S COMPLAINT: STANDING

Defendants assert that Owen lacks standing to pursue an avoidance action. This Court agrees. A debtor who is not a debtor in possession may bring an avoidance action only to take advantage of the debtor's exemptions. *See* 11 U.S.C. § 522(h). *See also In re Corwin,* 135 B.R. 922, 923 (Bankr. S.D.Fla.1992); *In re McKeever,* 132 B.R. 996, 1001–02 (Bankr.N.D.Ill.1991). The plaintiff must plead sufficient facts to support an avoidance action. Here, Owen in his complaint does not assert an exemption in the Coastal account, nor does he assert any other theory upon which he has standing recover this asset. Therefore, Count II is dismissed under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Until it is otherwise determined, it would appear that the Coastal account is property of the Debtors' estate, subject to a claim by Baystate that it has a lien.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall enter.

### · ORDER

Pursuant to a Memorandum of Decision of even date herewith, it is hereby

ORDERED that Count I of Owen's complaint pertaining to punitive damages, and all of Count II, are dismissed for failure to state a claim upon which relief can be granted.

---

4. In evaluating a motion to dismiss, this Court must accept the facts and allegations set forth in the complaint as true, construing them in the light most favorable to the plaintiff, as the nonmoving party. "The 'accepted rule' is that plaintiff's complaint should be dismissed for failure to state a claim only if it appears beyond doubt that it can prove no set of facts which would entitle it to relief." *Lessler v. Little,* 857 F.2d 866, 867 (1st Cir.1988).