**In re Paul Franklin MILLER and Myrtle Bernice Miller, Debtors.**

**Paul Franklin MILLER and Myrtle Bernice Miller, Plaintiffs,**

**v.**

**Charles R. MAYER, Defendant.**

**Bankruptcy No. 80–883–8P7. Adv. No. 86–135.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 5, 1988.

Peter Smith, for GECC.

Patti Medearis, Tampa, Fla., for C. Mayer.

Thomas Chawk, Lakeland, Fla., for Paul Franklin and Myrtle Bernice Miller.

## ORDER IMPOSING SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration in this adversary proceeding is the amount of sanctions to be imposed against Charles R. Mayer (Mayer) for his willful violation of the permanent injunction granted as part of the general discharge of the Debtors, Paul and Myrtle Miller, imposed by § 524(a)(2) of the Bankruptcy Code.

On January 4, 1988, this Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion in the above-captioned adversary proceeding commenced by Paul Franklin Miller and Myrtle Bernice Miller against Charles R. Mayer, 81 B.R. 669. The Court, after having heard evidence presented in support of and in opposition to a claim asserted by the Debtors, concluded that Mayer did in fact willfully and knowingly violate the permanent injunction imposed by § 524(a)(2) of the Bankruptcy Code when these Debtors obtained a discharge. The Court also directed, however, that the matter shall be rescheduled for additional hearing in order to enable the Debtors to present additional evidence in support of their claim for damages allegedly suffered by them as the result of the conduct of Mr. Mayer which has been found to have violated the rights of the Debtors granted to them by the general bankruptcy discharge.

The matter under consideration arises from that hearing, and the facts relevant to a resolution of the issues being considered by the Court at present and as established at the final hearing are as follows:

On June 23, 1980, the Debtors filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On November 3, 1983, the Debtors received their discharge. Approximately four years after the Debtors received their discharge, in an attempt to clear the title to a mobile home previously owned by the Debtors, attorney Mayer contacted the Debtors numerous times and indicated to them that unless they signed a release of any claim they may have to the mobile home, they would suffer dire consequences, i.e., they would be sued and held liable to GECC, a lienholder on the mobile home, for $34,000.00, the alleged unpaid balance on the Debtors' original contract to purchase the mobile home. Of course, this debt to GECC was discharged when the Debtors received their general discharge on November 3, 1983, as noted. Mayer in fact filed such a suit in the state court in late 1985.

It is the contention of the Debtors that due to Mayer's repeated contact with them, Mrs. Miller suffered cardiac problems and thus suffered damages due to the medical bills incurred and in addition, the Debtors were required to hire an attorney to bring this lawsuit against Mayer to enforce the protection provided by the permanent injunction imposed by § 524(a)(2) of the Bankruptcy Code.

Addressing first the attorney fees incurred in filing this adversary proceeding, the Court is satisfied that a reasonable fee for services rendered is $7,500.00 and reasonable costs are $540.85. Therefore, Mayer should be directed to pay these amounts to the Debtors.

Next, regarding the Debtors' claim that they are entitled to damages to compensate them for medical expenses incurred due to Mayer's actions, the only evidence presented consisted of the deposition of Mrs. Miller's physician and Mr. Miller's recitation of amounts spent for doctors' bills, hospital bills, medicine and ambulance charges. Some of the amounts allegedly spent on doctors' bills, medicine and hospital charges are documented in the record, however, amounts allegedly spent on ambulance charges, daily care for Mrs. Miller and additional medical bills are unsubstantiated. Based on the record, it appears that the Debtors spent the following documented amounts in medical expenses for Mrs. Miller:

| Doctors' Bills | $2,403.00 |
| Medicine | 485.80 |
| Hospital | 245.00 |
| (Defendant's Exh. No. 1) | $3,133.80 TOTAL |

Based on the evidence presented, it is clear that Mrs. Miller suffered from severe heart disease as early as 1984 and the disease is aggravated by external factors such as litigation (Debtors' Exh. No. 1) However, the record fails to establish a necessary causal connection between Mayer's actions and the expenses incurred by the Debtors. Therefore, even assuming the record substantiated Mr. Miller's testimony as to amounts spent on medical expenses, the Court is satisfied that as there is no proof that these expenses were a direct result of Mayer's actions, the amounts claimed by the Debtors are not compensable.

Finally, the Debtors seek punitive damages based on Mayer's violation of the permanent injunction imposed by § 524(a)(2) of the Bankruptcy Code. Based on the indisputable fact that Mayer acted willfully in clear disregard and disrespect of the bankruptcy laws, the Court is satis-fied that punitive damages in the amount of $2,500.00 are appropriate. A separate Final Judgment will be entered in accordance with the foregoing.