**In re Douglas Steven MELVIN and Janet N. Melvin, Debtors.**

**Bankruptcy No. 93–5030–6B1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Dec. 28, 1994.

Gray Gibbs, for debtors Douglas Steven Melvin and Janet N. Melvin.

Mike Appleton, for Luis R. Gutierrez.

David McFarlin, for Douglas Wilson and Joyce Wilson.

Margaret Hull, Asst. U.S. Trustee.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtors' Objection to Proofs of Claim filed by Luis R. Gutierrez ("Gutierrez"). After reviewing the pleadings, evidence, receiving testimony, exhibits, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on October 15, 1993. On March 7, this Court entered an Order converting the case to Chapter 11. Luis Gutierrez filed three separate claims in this proceeding. The first two, Claim No. 1 and Claim No. 2, purport to be secured claims arising out of judgments rendered March 20, 1991 and May 1, 1991 in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, Florida, Case No. 89–07288–CA–J. Claim No. 3 purports to be an unsecured claim for post-judgment costs and attorneys' fees incurred in an effort to collect the foregoing judgments.

The Debtors previously filed for relief under Chapter 11 in 1984 in the U.S. Bankruptcy Court for the Middle District of Florida, Case No. 84–34–ORL–BK–GP. Gutierrez filed a proof of claim as a secured creditor in those proceedings. The principal amount of the claim was $26,000.00.

On April 30, 1985, the Court entered an Order Confirming Plan of Reorganization in Case No. 84–34–ORL–BK–GP. The confirmed plan provided, inter alia for payment of $50,000 to a class of secured creditors which included Gutierrez. Gutierrez was paid $26,000.00 which represented payment in full of the Debtors' indebtedness, and substantial consummation of the Plan of Reorganization.

On July 16, 1985, a refinancing of the Gutierrez note and mortgage took place. The proceeds of the refinancing were to be used to fund the Plan of Reorganization. Desiring to recover interest not provided for under the confirmed plan, Gutierrez required the Debtors to execute a $10,000 note which is the subject of all of the claims filed in this case, before Gutierrez would execute a satisfaction of mortgage at the closing of the refinancing. The $10,000 promissory note lacked consideration. The Debtors executed the note with the understanding it lacked validity because of the confirmation of the plan of reorganization. The promissory note contained a compulsory arbitration clause.

After the Debtors failed to pay on the note, Gutierrez initiated arbitration proceedings before the American Arbitration Association. On April 3, 1989, the Debtors failed to attend the arbitration, and the assigned arbitrator entered an award in favor of Gutierrez in the amount of $14,793.29. Gutierrez thereafter filed an action in the Brevard County, Florida Circuit Court to confirm the arbitration award in accordance with Chapter 682 Fla.Stat. The Debtors were unsuccessful in their efforts in state court to set aside the award. Following a trial on March 13, 1991, judgments were entered upon which the contested claims are based. A motion for rehearing was subsequently denied by the court and the Debtors unsuccessfully appealed the final judgments to the District Court of Appeal for the Fifth District of Florida.

## CONCLUSIONS OF LAW

The issue before the Court is whether the $10,000 note which is the subject of Gutierrez' Claims Nos. 1, 2, and 3, arose from a debt discharged by virtue of a confirmed Plan of Reorganization in Debtors' Case No. 84–34–ORL–BK–GP. Section 1141 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., governs the effect of confirmation of a plan of reorganization. It provides in pertinent part:

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor ... any creditor ... whether or not the claim or interest of such creditor ... is impaired under the plan and whether or not such creditor ... has accepted the plan.

\* \* \* \* \* \*

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—

(i) a proof of the claim base on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan;

11 U.S.C. § 1141.

The Court entered an Order Confirming Plan of Reorganization in the Debtors' Case No. 84–ORL–BK–GP which provided for payment to Gutierrez of $26,000 in full satisfaction of his claim. Gutierrez was paid $26,000 pursuant to the plan, and the plan was substantially consummated. The $10,000 note which is the subject of all of the claims filed in this case arose from Gutierrez' desire to recover interest not covered in the plan payment of $26,000. Gutierrez refused to execute a satisfaction of mortgage at a refinancing closing unless the Debtors executed the note.

■ The Debtors were under extreme time pressures and executed the note with the understanding it lacked validity due to the confirmed plan of reorganization. There was no consideration for the note. The note contained a compulsory arbitration clause. As the underlying obligation arose before the date of confirmation, and the plan was confirmed, pursuant to 11 U.S.C. § 1141, Gutierrez was bound to accept the $26,000 as payment in full of this obligation, and pursuant to 11 U.S.C. § 1141(d)(1)(A), the Debtors were discharged from the underlying debt.

The effect of discharge is governed by 11 U.S.C. § 524. It provides in pertinent part:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

\* \* \* \* \* \*

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

(2)(A) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim; and

(B) such agreement contains a clear and conspicuous statement which advises the debtor that such agreement is not required under this title, under nonbankruptcy law, or under any agreement not in accordance with the provisions of this subsection;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that—

(A) such agreement represents a fully informed and voluntary agreement by the debtor;

(B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and

(C) the attorney fully advised the debtor of the legal effect and consequences of—

(i) an agreement of the kind specified in this subsection; and

(ii) any default under such an agreement;

11 U.S.C. § 524.

■ As the Debtors were discharged from the underlying debt, any direct or indirect act to collect the debt is a violation of the injunction, prohibited, and void. This is intended to insure that once a debt is discharged, a debtor will not be pressured in any way to repay it. The discharge extinguishes the debt and creditors may not attempt to avoid that. H.R.REP. NO. 595 95th Cong. 1st Sess. 365–366 (1977); S.REP. NO. 989, 95th Cong. 2d Sess. 80 (1978).

■ Section 524(a) renders null and void any judgment affecting the personal liability of the debtor obtained in any forum other than the bankruptcy court. The purpose of the provision is to make it absolutely unnecessary for the debtor to do anything at all in the state court action. COLLIER ON BANKRUPTCY, ¶ 524.01 (15th ed. 1994). Willfully proceeding in state court on a discharged debt is a violation of the permanent injunction of Section 524. *See In re Miller*, 89 B.R. 942 (Bankr.M.D.Fla.1988).

■ As the judgment obtained by Gutierrez on the note was intended to establish personal liability of the Debtors with respect to a debt which had been discharged by virtue of 11 U.S.C. § 1141, the judgment is void pursuant to 11 U.S.C. § 524(a)(1). Gutierrez' actions to collect on this debt were in violation of 11 U.S.C. § 524(a)(2). The note, if alleged to be an agreement to pay for a debt otherwise dischargeable, fails to comply with 11 U.S.C. § 524(c), is void, and unenforceable.

Accordingly, pursuant to 11 U.S.C. §§ 1141 and 524, the Debtors' Objection to

Proofs of Claim Nos. 1, 2, and 3 filed by Gutierrez are due to be sustained.