Thomas McGLYNN and
Roger Levesque

v.

The CREDIT STORE, INC.; Citizens Bank; and First National Bank in Brookings.

No. CA 98–273ML.

United States District Court,
D. Rhode Island.

May 21, 1999.

Jeffrey Scott Sell, Edelman & Combs, Chicago, IL, Christopher M. Lefebvre, Pawtucket, RI, for plaintiffs.

Deming E. Sherman, Edwards & Angell, Providence, RI, for the Credit Store, Inc. and Bank in Brookings.

R. Daniel Prentiss, Ian Ridlon, Mc-Govern, Noel & Benik, Providence, RI, for Citizens Bank.

## MEMORANDUM AND ORDER

LISI, District Judge.

Plaintiffs filed suit against the Credit Store, Inc. ("Credit Store"), first National Bank in Brookings ("First National"), and Citizens Bank ("Citizens"). Plaintiffs allege that the defendants violated 11 U.S.C. § 524 and conspired to engage in an unlawful civil conspiracy. Plaintiffs also aver that the defendant Credit Store and First National violated the Fair Debt Collection Practices Act ("FDCPA"). In turn, Defendants filed an array of motions to dismiss, to stay, or in the alternative, to transfer the present matter.

The court referred these motions to Magistrate Judge Robert W. Lovegreen for his preliminary review, findings, and recommended disposition. *See* 28 U.S.C. § 636(b)(1); D.R.I.Loc.R. 32(c). In his report, the magistrate judge recommended that the Credit Store and First National's motion to dismiss, stay, or transfer the case to the Northern District of Illinois be denied; that Plaintiffs' § 524 and civil conspiracy claims be transferred to the United States Bankruptcy Court for the District of Rhode Island; and, that Citizens' Rule 12(b)(6) motion to dismiss should also be transferred to the bankruptcy court and decided by the Bankruptcy Judge.

The defendants subsequently filed objections to the magistrate judge's report. After reviewing the parties' motions, the report and recommendation, the parties' objections thereto and the relevant law, this court adopts the findings, conclusions and recommendations of Magistrate Judge Lovegreen. Finding that Plaintiffs' FDCPA claim does not "arise under" Title 11, this court retains jurisdiction over Count One and stays proceedings pertaining thereto until Plaintiffs' other claims have been resolved in the bankruptcy court.

SO ORDERED:

## REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

Plaintiffs, Thomas McGlynn and Roger Levesque, have brought a four count, as yet uncertified, class action against defendants, the Credit Store, Inc. ("Credit Store"), First National Bank in Brookings ("First National") and Citizens Bank ("Citizens"). Various other corporate and individual defendants were originally named but they have since been voluntarily dismissed from the case. Plaintiffs claim that defendants used fraudulent and deceptive means to induce consumers who have been discharged in bankruptcy to pay their discharged debts. The contention is that these practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (Credit Store and First National) and the Bankruptcy Code, 11 U.S.C. § 524, (all defendants), and constituted a civil conspiracy to collect debts discharged in bankruptcy in violation of 11 U.S.C. § 524(a)(2) (all defendants).

A similar class action, filed nineteen months before this claim, on October 24, 1996, by the attorney representing plaintiffs here, is pending in the United States District Court for the Northern District of Illinois ("Illinois action"). Therefore, the Credit Store has moved to dismiss, stay, or transfer this case to the Northern District of Illinois pursuant to the first-to-file rule or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404. Defendant Citizens opposes a stay or transfer and has brought a Rule 12(b)(6) motion to dismiss. Plaintiffs oppose defendants' motion to dismiss, stay, or transfer the case pursuant to

the first-to-file rule; oppose a transfer pursuant to §1404; and oppose Citizens' Rule 12(b)(6) motion to dismiss.

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. §636(b)(1)(B); Local Rule of Court 32(c). A hearing was held on November 24, 1998. After examining the memoranda and exhibits submitted, listening to the arguments of counsel, and conducting my own independent research, I recommend that the Credit Store and First National's motion to dismiss, stay, or transfer the case to the Northern District of Illinois be denied and that the claims of violation of 11 U.S.C. §524 and the conspiracy claim against all defendants be transferred to the United States Bankruptcy Court for the District of Rhode Island where Citizens' Rule 12(b)(6) motion to dismiss should also be decided.

*Statement of the Facts*

Plaintiffs allege the following: Prior to December 1997, the Credit Store and First National agreed to purchase large amounts of written-off consumer debts from banks and other financial institutions, some or all of which were debts discharged in bankruptcy. Citizens agreed to sell these discharged debts to the Credit Store, knowing that discharged debts had no value for any legitimate purpose and that the acquisition of such debts could only be for attempting to enforce or collect them. After buying the debts, defendants sent solicitation material through the mail to the "debtors" in order to induce them to open credit card accounts, the account balances of which would include the discharged debts. Further, defendants misled, through their advertising, those individuals solicited. Defendants also made repeated telephone calls to individuals to pressure them to apply for the credit card or to repay the discharged debt. Plaintiffs claim that this conduct violated the Fair Debt Collection Practices Act ("FDCPA"), §524 of the Bankruptcy Code, and constituted a civil conspiracy to collect debts discharged in bankruptcy, in violation of §524(a)(2) of the Bankruptcy Code.

## DISCUSSION

### The First–to–File Rule

The first-to-file rule recognizes that where two suits are filed in sister courts, a first-filed action is generally preferred where "prosecution of both would entail duplicative litigation and a waste of judicial resources." *S.W. Industries, Inc. v. Aetna Casualty and Surety Co.*, 653 F.Supp. 631, 634 (D.R.I.1987) *citing Small v. Wageman*, 291 F.2d 734, 736 (1st Cir. 1961). Preference for the first-filed action is "not a per se rule, but rather a policy governed by equitable considerations: 'the forum where an action is first filed is given priority over subsequent actions, unless there is a showing of balance of convenience in favor of the second action, or there are special circumstances which justify giving priority to the second.'" *S.W. Industries*, 653 F.Supp. at 631 (quoting *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 623 F.Supp. 912, 916 (D.P.R.1985)).

Generally, the first-to-file rule is applied where the same parties are attempting to litigate the same issues in sister courts. However, the rule may still be applicable where complete identification of parties is lacking in cases asking for identical declaratory or injunctive relief. *See National Health Fed'n v. Weinberger*, 518 F.2d 711 (7th Cir.1975). There are no cases where the court has determined that the first-to-file rule should apply: 1) where plaintiffs in the two cases are different and damages are demanded; 2) where only one of several defendants in the second filed action is the same as in the first filed action; and 3) where severance would be required in order to transfer the case because personal jurisdiction over one of the defendants is unlikely in the transferee court.

### Different Issues and Different Parties

Plaintiffs' claim that the Credit Store and First National acted to collect a debt

in violation of 11 U.S.C. § 524(a)(2) is the foundation for all other claims against all defendants. If they were not acting to collect a debt, plaintiffs' bankruptcy claim will fail (voluntary repayment of discharged debt is allowed under 11 U.S.C. § 524(f)); its FDCPA claim will fail (FDCPA only applies to "debt collectors"); and the conspiracy claim will fail as well (requires assent to illegal enterprise). The issue of whether the Credit Store was acting to collect a debt is now before the Illinois court in the form of the Credit Store's Rule 12(b)(6) motion to dismiss.

In determining whether the Credit Store was acting to collect a debt, the court must first decide two subsidiary issues: 1) whether any inducement by a creditor renders repayment of a discharged debt involuntary and thus in violation of § 524(a)(2) and, 2) if only coercive actions by the creditor render the repayment involuntary, whether defendants' alleged actions were coercive. The factual averments in both cases are similar, but not identical. Only in the Rhode Island case have plaintiffs alleged that defendants made telephone calls pressuring plaintiffs to apply for credit cards that would carry the discharged debts as a balance and only in the Illinois action have plaintiffs averred that they actually opened credit card accounts. These facts may distinguish the Illinois from the Rhode Island action such that different outcomes in the two cases would be rational and reconcilable, therefore relieving this court of serious concern over inconsistent results.

In cases where the first-to-file rule has been applied, the courts have also required that the parties to both actions be the same unless the relief sought is declaratory or injunctive in nature and the prayers for relief are identical. *See National Health Fed'n v. Weinberger,* 518 F.2d 711 (7th Cir.1975). Here, the named plaintiffs are clearly different and the proposed plaintiff classes are different in a way that may well affect the central issue as to whether defendants were acting to collect

a debt or whether plaintiffs were voluntarily repaying their debts. The plaintiff class in the Illinois action is defined as those who discharged a debt in bankruptcy, were then solicited by defendants to open a credit card account, all or part of which consisted of the discharged debt, and opened such account. To be included in the Rhode Island class, however, a discharged debtor need not have opened a credit card account. This difference, though slight, may bear materially on the voluntary nature of the interaction between plaintiffs and defendants as well as the degree to which, if at all, defendants' practices will be found to be deceptive.

In addition, the two cases have but one common defendant among many. Only the Credit Store is being sued in both Rhode Island and Illinois. Moreover, Citizens has asserted that the Illinois court would not have personal jurisdiction over Citizens and the Credit Store has not disputed this.

■ Cases in which the first-to-file rule has been applied require a substantial overlap of parties and issues. In this case the named plaintiffs and the classes they potentially represent are different, there is only one common defendant among many, and, although there is some overlap of issues, the issues in one case are not necessarily dispositive of those in the other. Therefore, the first-to-file rule should not apply and defendants' motion to dismiss, stay, or transfer the action pursuant to that rule should be denied.

*Transfer Pursuant to 28 U.S.C. 1404(a)*

If the first-to-file rule is not applied to dismiss, stay, or transfer the case, defendants the Credit Store and First National move, in the alternative, to transfer the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) on the ground that Illinois offers a more convenient forum.

■ Section 1404(a) allows a district court to transfer venue for the convenience

of the parties and witnesses and in the interest of justice. Whether a change of venue is appropriate is a matter within the court's discretion. *U.S. ex rel. LaValley v. First Nat. Bank of Boston,* 625 F.Supp. 591, 594 (D.N.H.1985). There is a strong presumption in favor of the plaintiff's choice of forum and it should not be disturbed unless considerations of convenience weigh strongly in the defendant's favor. *Paradis v. Dooley,* 774 F.Supp. 79, 82 (D.R.I.1991), *citing Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Change of venue is appropriate where the plaintiff's choice of forum works a "substantial hardship" on the defendant and the witnesses without a countervailing convenience or necessity to the plaintiff. *LaValley,* 625 F.Supp. at 594.

In order to prevail on a motion to transfer under § 1404(a), the moving party must show that "private and public interest factors clearly point towards trial in the alternative forum." *Paradis,* 774 F.Supp. at 82, *citing Piper Aircraft,* 454 U.S. at 241, 102 S.Ct. 252. The relevant factors include: 1) ease of access to sources of proof; 2) availability of compulsory process to compel attendance of witnesses; 3) cost of attendance of willing witnesses; 4) ease of view of premises, if necessary; 5) enforceability of the judgment, if obtained; 6) advantages and obstacles to a fair trial; 7) status of the court's trial calendar; and 8) familiarity of the forum with applicable state law. *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839; *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

In this case, plaintiffs and, presumably, the class they may represent are Rhode Island residents. The facts of the case suggest that many of the plaintiffs will be witnesses themselves and documents supporting their claim and their testimony are located in Rhode Island. Therefore, the inconvenience and expense of traveling to Illinois and of transporting documents there clearly points to Rhode Island as the more convenient forum for plaintiffs.

In addition, one of the defendants, Citizens, who opposes the motion to transfer, is a Rhode Island resident with its principal office in Providence and its witnesses and documentary evidence is likely to be located here. Moreover, Citizens has stated to this court that the Illinois court would not have personal jurisdiction over Citizens. If that is the case, the court would first have to sever the claims against the defendants before a transfer of the claims against the Credit Store and First National could be granted.

The Credit Store is a Nevada corporation with its offices in Las Vegas. First National is a state chartered bank with its principal office in South Dakota. Although there may be some overlap in witnesses and documentary evidence that these defendants will present in both the Illinois and Rhode Island actions, there will undoubtedly be documentary and testimonial evidence presented in the Rhode Island class action that is separate and distinct from that in the Illinois action. Therefore, since that evidence will most likely have to travel from Nevada and/or South Dakota to a foreign state, it seems only a negligible difference whether that state is Illinois or Rhode Island.

In addition, neither the Credit Store nor First National have argued that Illinois offers easier access to sources of proof, that the judgment, if obtained, would be more difficult to enforce in Rhode Island than in Illinois, that Rhode Island offers any obstacles to a fair trial, that the trial calendar of this court is an obstacle to a speedy trial, or that the applicable state law is more familiar to the Illinois court than to this court. In essence, what these defendants have argued is that "it would not be convenient (or fair) to require defendants to defend themselves in two forums and the interests of justice are not

served by having duplicative litigation pending simultaneously in two federal district courts." Def. Mem. at 9. This is the same argument that these defendants made in urging this court to apply the first-to-file rule and that argument should be rejected for the reasons discussed above.

Therefore, since the balance of convenience weighs in favor of plaintiffs' choice of forum and defendants have not shown any substantial hardship or unfairness in litigating the case in Rhode Island rather than in Illinois, the Credit Store and First National's § 1404(a) motion to transfer should be denied.

*The Bankruptcy and Conspiracy Claims Against All Defendants Should be Transferred to the United States Bankruptcy Court for the District of Rhode Island and Citizens' Rule 12(b)(6) Motion to Dismiss Should be Decided in That Forum.*

Whether a private remedy exists for violation of § 524 is a question of first impression in the District of Rhode Island. Section 524 of the Bankruptcy Code states in pertinent part:

Effect of discharge

(a) A discharge in a case under this title—

\* \* \* \*

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ...

11 U.S.C. § 524(a)(2).

██ Although Citizens is correct when it argues that § 524(a)(2) does not specifically authorize a remedy for its violation, courts have found authority to award actual, compensatory and/or punitive damages based on either the inherent contempt power of the court or 11 U.S.C. § 105(a) which allows the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See e.g., In re Hardy,* 97 F.3d 1384, 1389 (11 Cir.1996); *In re Walker,* 180 B.R. 834, 837 (Bankr.W.D.La.1995); *In re Matthews,* 184 B.R. 594, 598 (Bankr. S.D.Ala.1995); *In re Bowling,* 116 B.R. 659, 664–65 (Bankr.S.D.Ind.1990) *In re Miller,* 89 B.R. 942, 944 (Bankr.M.D.Fla. 1988). A number of courts have either awarded damages for violation of § 524 or recognized that such relief is appropriate. *See e.g., In re Goldstein,* 201 B.R. 1, 8 n. 8 (Bankr.D.Me.1996); *In re Thomas,* 184 B.R. 237, 240 (Bankr.M.D.N.C.1995); *In re Braun,* 141 B.R. 133, 135 (Bankr. N.D.Ohio1992), *aff'd in part and remanded,* 152 B.R. 466 (N.D.Ohio1993); *In re Brantley,* 116 B.R. 443, 448 (Bankr.D.Md. 1990). However, some courts have been skeptical of the viability of claims under § 524(a)(2). *See In re Costa,* 172 B.R. 954, 966 (Bkrtcy.E.D.Cal.1994) (no cause of action under § 524); *Cox v. Zale Delaware, Inc.,* 1998 WL 397841 at 3–4 (N.D.Ill.1998) ("there is at the very least a serious question as to whether a private remedy exists under section 524"); *Perovich v. Humphrey,* 1997 WL 674975 at 3 (N.D.Ill.1997) (recognizing that, as yet, there is no authority for a private cause of action under § 524). Because of its expertise and intricate knowledge of the entire fabric of the Bankruptcy Code, this court believes that the Bankruptcy Court should be the first to decide this issue.

██ Although the Federal District Courts have jurisdiction over all cases under Title 11, and all civil proceedings "arising under," "arising in," or "related to" cases under Title 11 pursuant to 28 U.S.C. § 1334, the district courts may also provide that any or all of these cases be referred to the bankruptcy courts for their respective districts. 28 U.S.C. § 157(a). The United States District Court for the District of Rhode Island has done this by its standing "Order Referring Bankruptcy Proceedings," dated July 18, 1984 (see attached), which provides for automatic re-

ferral of these cases to the bankruptcy judge in the District of Rhode Island.

■ "Proceedings 'arise under' title 11 if they involve a 'cause of action created or determined by a statutory provision of the Bankruptcy Code.'" *In re Goldstein,* 201 B.R. 1, 4 (Bankr.D.Me.1996) (quoting 1 William L. Norton, Jr., *Norton Bankruptcy Law and Practice 2d* § 4:38 at 4–230 (1994)). "'Proceedings "arising in" a bankruptcy case "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."'" *Id.* (quoting *Norton,* § 4:30 at 4–231 (quoting *In re Wood,* 825 F.2d 90, 96–97 (5th Cir.1987))). Finally, a case is "related to" bankruptcy "'if the outcome of the case could conceivably have any effect on the estate being administered in bankruptcy.'" *Id.* at 4 (quoting *Pacor Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)); *In re Remington Dev. Group, Inc.,* 180 B.R. 365, 368 (Bankr.D.R.I.1995). Therefore, because the plaintiff can prevail on its bankruptcy and conspiracy claims against defendants only if it is determined that § 524 of the Bankruptcy Code was violated, they are claims that "arise under" Title 11 and should be transferred to the Bankruptcy Court. However, this court should retain jurisdiction over the FDCPA claim against the Credit Store and First National because that claim does not "arise under" or "arise in" a Title 11 case, nor is it "related to" a Title 11 case.

■ Plaintiffs' FDCPA claim does not "arise under" Title 11 because it is a cause of action "neither created nor determined by Bankruptcy Code provisions." *See Goldstein,* 201 B.R. at 5 (explaining that FDCPA claim based on same facts asserted as alleged violation of § 524(a)(2) does not "arise under" Title 11). Neither is it a cause of action that "arises in" plaintiffs' bankruptcy cases because "it is not based upon rights that cannot be pursued outside the bankruptcy context." *Id.* Moreover, it is not "related to" plaintiffs' bankruptcy cases because "win, lose or draw, the outcome of [plaintiffs'] FDCPA ... claim[ ] cannot 'conceivably have any effect on the estate being administered in bankruptcy.'" *Id.* (quoting *Pacor,* 743 F.2d at 994). The FDCPA claim involves post-discharge conduct. Even if plaintiffs prevail on this claim, the recovery would belong to them, not to their respective estates. *See* 11 U.S.C. § 541(a). The claims do not potentially impact in any way on the "'estate being administered in bankruptcy.'" *Goldstein,* 201 B.R. at 5 (quoting *Pacor,* 743 F.2d at 994). Therefore, the Bankruptcy Court lacks jurisdiction to hear this claim and jurisdiction should be retained by the District Court.

### Conclusion

For the above stated reasons, I recommend that the Credit Store and First National's motion to dismiss, stay, or transfer the case to the Northern District of Illinois be denied and that the claims of violation of 11 U.S.C. 524(a)(2) and civil conspiracy against the Credit Store, First National, and Citizens be transferred to the United States Bankruptcy Court for the District of Rhode Island where Citizens' Rule 12(b)(6) motion to dismiss should also be decided. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Fed. R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

December 28, 1998.

### ATTACHMENT

### UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND
### ORDER REFERRING BANKRUPTCY PROCEEDINGS

In accordance with the Bankruptcy Amendments and Federal Judgeship Act

of 1984, it is ORDERED, that all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the Bankruptcy Judge of this District.

Dated: July 18, 1984

Francis J. Boyle
Francis J. Boyle
Chief Judge

Raymond J. Pettine
Raymond J. Pettine
Senior Judge

Bruce M. Selya
Bruce M. Selya
District Judge