In re Corey J. STEELE, Debtor.

Corey J. Steele, Plaintiff,

v.

Ocwen Federal Bank, Defendant.

Bankruptcy No. 97–10330–MWV.
Adversary No. 00–1125–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Jan. 25, 2001.

Geraldine Karonis, Office of U.S. Trustee, Manchester, NH, for U.S. Trustee.

Jennifer Rood, Backus, Meyer, Solomon, Rood & Branch, Manchester, NH, for the plaintiff.

Leonard J. De Pasquale, Ablitt, Caroul & De Pasquale, North Providence, RI, David A. Marsocci, Boston, MA, for the defendant.

Lawrence P. Sumski, Amherst, NH, trustee.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it Defendant Ocwen Federal Bank's ("Ocwen") motion to dismiss Counts I and III of Debtor–Plaintiff Corey J. Steele's complaint alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA") and New Hampshire's fair debt collection statute. For the reasons set out below, the motion to dismiss Counts II and III is granted.

## PROCEDURAL BACKGROUND

The Debtor commenced this Chapter 13 case on January 31, 1997, and his Chapter 13 Plan was confirmed on October 20, 1997. The terms of the Plan provided for regular mortgage payments outside of the Plan and payments through the Plan to cure the mortgage arrearage. Ocwen received a transfer of the original mortgagee's claim in March of 1999. After the Debtor completed all payments under the Plan, he received his discharge and the case was closed on April 12, 2000.

On September 22, 2000, the Debtor filed a motion to reopen the case to bring an adversary proceeding against Ocwen alleging that Ocwen violated the discharge injunction and federal and state fair debt collection statutes. The Court granted the motion to reopen on September 22, 2000. In his complaint, the Debtor claims that he owes no arrearage and should actually be ahead in his regular payments by several months. Count I of the complaint alleges that Ocwen violated the discharge injunction and Counts II and III allege violations of the federal and state fair debt collections statutes respectively. Ocwen brought a motion to dismiss all three counts for lack of subject matter jurisdiction, which was heard at the pretrial conference on December 19, 2000. The Court denied the motion to dismiss Count I and took the matter under advisement regarding Counts II and III. A trial is scheduled for June 6, 2001.

## DISCUSSION

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court begins with the standard applicable to a motion pursuant to Rule 12(b)(6). The Court will construe the complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995).

The party who invokes federal court jurisdiction has the burden of establishing that jurisdiction does in fact exist. *Hoar v. Prescott Park Arts Festival, Inc.,* 39 F.Supp.2d 109, 110 (D.N.H.1997).

Accepting the Debtor's allegations as true, Ocwen began asserting an arrearage in or about August of 1999. Prior to his discharge, the Debtor contacted Ocwen in order to determine if there was any arrearage. He then became completely current with Ocwen under its terms prior to receiving his discharge on April 12, 2000. Approximately one month after his discharge, however, the Debtor began receiving default notices claiming a significant arrearage and threatening foreclosure. The Debtor disputed the asserted arrearage and sent Ocwen a letter requesting a full accounting. Ocwen failed to provide the accounting as requested and sent another default notice to which the Debtor again responded with a request for an accounting. This process continued throughout the summer of 2000. Furthermore, Ocwen added to the Debtor's account bankruptcy charges, inspection fees and other unexplained charges, and reported the Debtor to credit bureaus for his alleged delinquencies.

Count II alleges that Ocwen violated the FDCPA by failing to provide a proper explanation of the alleged default and for attempting to collect unexplained fees. Count III alleges that Ocwen violated New Hampshire's fair debt collection practices statute by attempting to collect a debt in a deceptive, unfair or unreasonable manner, failing to provide a proper explanation for the alleged default, making false credit reports and including unauthorized fees. The collection efforts complained of did not occur until after the Debtor received his discharge and the case was closed. However, it is reasonable to infer that at least some of the allegedly improper charges to the Debtor's account and the activity leading to the allegedly improper charges occurred prior to the discharge.

The bankruptcy court's jurisdiction is governed by 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). Section 1334 provides that district courts shall have "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* at § 1334(b). Section 157 gives the district court the power to automatically refer "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court. *Id.* at § 157(a).

A case "arises under" title 11 if it involves a cause of action created or determined by a statutory provision of the bankruptcy code and "arises in" a bankruptcy case if it does not fall under a specific provision of the Bankruptcy Code but would have no existence outside of the bankruptcy. *Maitland v. Mitchell (In re Harris Pine Mills),* 44 F.3d 1431, 1435 (9th Cir.1995); *Wood v. Wood (In re Wood),* 825 F.2d 90, 96–97 (5th Cir.1987); *Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works),* 815 F.2d 165, 166–69 (1st Cir.1987); *Goldstein v. Marine Midland Bank (In re Goldstein),* 201 B.R. 1, 4 (Bankr.D.Me.1996). These are "core" matters in which the bankruptcy court may enter a final judgment. *In re Harris Pine Mills,* 44 F.3d at 1434; *In re Wood,* 825 F.2d at 95; *In re Arnold Print Works,* 815 F.2d at 166–67.

On the other hand, a proceeding that does not invoke a substantive right created by the bankruptcy code may still fall under the bankruptcy court's "related to jurisdiction." *In re Harris Pine Mills,* 44 F.3d at 1435; *In re Wood,* 825 F.2d at 93; *In re Arnold Print Works,* 815 F.2d at 167; *In re Goldstein,* 201 B.R. at 3. In such "non-core" matters, the bankruptcy court acts as an adjunct to the district court, making findings of fact and conclusions of law which are subject to de novo review by the district court unless the

parties agree to be bound. *In re Harris Pine Mills*, 44 F.3d at 1436; *In re Wood* 825 F.2d at 92; *In re Arnold Print Works*, 815 F.2d at 167.

■ The claims here are not "core proceedings" because they are not causes of action that are created or determined by Bankruptcy Code provisions, nor are they based upon rights which cannot be pursued outside of the bankruptcy context. *In re Goldstein*, 201 B.R. at 5. Therefore, the question remaining is whether they fall under this Court's "related to" jurisdiction. The leading case on the issue of "related to" jurisdiction is *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984), in which the Third Circuit held that a proceeding falls under "related to" jurisdiction if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the estate." *Id.* at 994 (internal citations omitted). The *Pacor* test was recognized by the First Circuit in *In re G.S.F. Corporation*, 938 F.2d 1467, 1474 (1st Cir.1991), and has been applied consistently by courts within the First Circuit. See *McGlynn v. Credit Store, Inc.*, 234 B.R. 576, 584 (D.R.I.1999); *United States v. Kaplan*, 146 B.R. 500, 505 (D.Mass.1992); *Philippe v. Shape, Inc.*, 103 B.R. 355, 356 (D.Me.1989); *Goldstein v. Marine Midland Bank, N.A. (In re Goldstein)*, 201 B.R. 1, 4 (Bankr.D.Me. 1996); *Boyajian v. DeLuca (In re Remington Development Group, Inc.)*, 180 B.R. 365, 369 (Bankr.D.R.I.1995); *In re Curran*, 157 B.R. 500, 505 (Bankr.D.Mass. 1993). See also 1 *Collier on Bankruptcy*, ¶ 3.01[4][c][ii] (15th Ed.) (citing *Pacor* as the most widely accepted test for determining "related to" jurisdiction).

■ Applying the *Pacor* test to the issue before it, the Court finds that the FDCPA and state law claims do not fall within the Court's "related to jurisdiction." Any recovery on the part of the Debtor would be his alone and would not inure to the benefit of the bankruptcy estate. Thus, "[t]he claims hold no potential to impact in any way on the 'handling and administration of the bankrupt estate.' " *In re Goldstein*, 201 B.R. at 5 (quoting *Pacor, Inc.*, 743 F.2d at 994). See also *McGlynn*, 234 B.R. at 576 ("[e]ven if plaintiffs prevail on [FDCPA] claim, the recovery would belong to them, not to their respective estates"). The fact that the allegations serving as the basis of the claim for violation of the discharge injunction, over which the Court has jurisdiction, are intertwined with the facts giving rise to the claims for violation of the federal and state debt collection statutes does not alter this result. The FDCPA and New Hampshire fair debt collection claims stand alone and could be asserted regardless of the bankruptcy case in a court of competent jurisdiction. See *Vogt v. Dynamic Recovery Services (In re Vogt)*, 257 B.R. 65, 68 (Bankr.D.Colo.) (bankruptcy court did not have jurisdiction over FDCPA claims even though arising out of same set of facts as discharge injunction claim).

Because Counts II and III are not "core proceedings" over which this court can enter a final judgment, nor fall within the Court's "related to" jurisdiction, they are dismissed. The Debtor is free to bring the claims in a court of competent jurisdiction.

## CONCLUSION

For the reasons stated above, Counts II and III of the Debtor's complaint against Defendant Ocwen Federal Bank are dismissed for lack of subject matter jurisdiction. A separate order consistent with this opinion will be entered.

The Court also notes that Ocwen has filed a motion to withdraw the reference to the bankruptcy court on the grounds that

it is entitled to a jury trial. In accordance with Federal Rule of Bankruptcy Procedure Rule 5011 and Rule 77.4 of the Local Rules of the District Court of New Hampshire, the Court will forthwith prepare a report and recommendation to the district court.