**Carolyn BUCKINGHAM, individually and as representative of the class defined herein Plaintiff**

v.

**BAPTIST MEMORIAL HOSPITAL–GOLDEN TRIANGLE, INC., Baptist Memorial Health Care Corporation, Northeast Mississippi Recovery, Inc., and Mid–South Credit Bureau, Inc. Defendants**

**No. 1:01–CV–36–M–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Sept. 17, 2002.

William C. Cunningham, William C. Cunningham, Attorney, Columbus, MS, for plaintiff.

Michael F. Rafferty, John L. Ryder, Harris, Shelton, Dunlap, Cobb & Ryder, PLLC, Memphis, TN, Lauren J. Hutchins, Lauren J. Hutchins, Attorney, Columbus, MS, for Baptist Memorial Hospital, Baptist Memorial Health Care.

S. Carter Dobbs, Jr., Carter Dobbs, Jr., Attorney, Amory, MS, for Northeast Mississippi Recovery, Inc.

H. Richmond Culp, III, Mitchell, McNutt & Sams, Tupelo, MS, for Mid-South Credit Bureau, Inc.

### ORDER DENYING MOTION TO TRANSFER

MILLS, District Judge.

This cause comes before the Court on the defendants' motion to transfer this action to the U.S. Bankruptcy Court for the Northern District of Mississippi [26–1]. The plaintiff is Carolyn Buckingham who has brought this suit both in her individual capacity and as representative of an as-yet uncertified class. The defendants are Baptist Memorial Hospital–Golden Triangle, Inc., Baptist Memorial Health Care Corporation, Northeast Mississippi Recovery, Inc., and Mid–South Credit Bureau, Inc. ("Mid–South").

On September of 1998, Buckingham filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Mississippi, and her debts were duly discharged. Among those debts discharged were various medical bills Buckingham owed to the defendants. In November of 1999, Buckingham again filed for bankruptcy, this time under Chapter 13. Buckingham's medical bills were once again listed as unsecured debt. However, this petition was dismissed without Buckingham's debts being discharged.

On February 1, 2001, Buckingham filed this class action suit against the defendants on behalf of herself and "all persons from whom Baptist Memorial, Mid–South and Northeast have attempted to collect debts that have been placed in their bankruptcy estate and/or discharged in bankruptcy." Buckingham's suit alleges violations under RICO and the Fair Debt Collection Practices Act ("FDCPA"), as well as various state law claims.

The defendants now seek to transfer this case to the U.S. Bankruptcy Court for the Northern District of Mississippi on the theory that, regardless of how Buckingham defines her claims, they are all essentially claims that the defendants violated the post-discharge injunction and the automatic stay. The defendants rely on 28 U.S.C. § 157, which provides in pertinent part:

(a) Each district court may provided that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157. The defendants cite several cases for the proposition that claims such as Buckingham's are preempted by the Bankruptcy Code. *See generally Budget Service Co. v. Better Homes of Virgi-*

*nia, Inc.*, 804 F.2d 289 (4th Cir.1986); *Holloway v. Household Automotive Finance Corp.*, 227 B.R. 501 (N.D.Ill.1998); *Gray–Mapp v. Sherman*, 100 F.Supp.2d 810 (N.D.Ill.1999); and *Pereira v. First North American Nat'l Bank*, 223 B.R. 28 (N.D.Ga.1998). Buckingham argues that all of the cases cited by the defendants are distinguishable because in each case the claims brought actually affected the administration of the bankruptcy estate, while the case sub judice was filed after her bankruptcy proceedings were concluded and involves no assets of the estate.

Section 157(a) of the Bankruptcy Code states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In *In re Goldstein*, a Maine Bankruptcy Court explained the workings of § 157(a) as follows:

> Proceedings "arise under" title 11 if they involve a "cause of action created or determined by a statutory provision of the Bankruptcy Code." "Proceedings 'arising in' a bankruptcy case 'are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.'" The final, and most expansive, component of § 1334(b) is "related-to" jurisdiction. As recently explained:
>
> > Generally speaking, related-to bankruptcy jurisdiction extends to matters "concerned only with State law issues that did not arise in the core bankruptcy function of adjusting debtor-creditor rights."
>
> To define the reach of related-to jurisdiction, the bankruptcy court ... utilizes the generally-adopted standard set out by the Third Circuit:

> > [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Goldstein*, 201 B.R. 1, 4–5 (Bankr. D.Me.1996) (citations omitted).

In *Goldstein*, the plaintiff had brought an FDCPA claim against the defendant in bankruptcy court. *Goldstein*, 201 B.R. at 2. The court concluded (1) that the FDCPA claims did not "arise under" Title 11 because the cause of action was neither created nor determined by Bankruptcy Code provisions, (2) that the claims did not "arise in" the course of the bankruptcy case because they were not based upon rights that could not be pursued outside of the bankruptcy context, and (3) the claims were not "related to" the bankruptcy petition because they all dealt with post-petition conduct and any recovery would go to the plaintiff and would have no conceivable effect on the estate. *Goldstein*, 201 B.R. at 5 ("Win, lose or draw, the outcome of Goldstein's FDCPA and tort claims cannot 'conceivably have any effect on the estate being administered in bankruptcy'").

While there appears to be no Fifth Circuit precedent in this area, the Court agrees with the reasoning of *Goldstein*. As was the case for Goldstein, whether Buckingham wins or loses her case, the bankruptcy estate is unaffected.

ACCORDINGLY, the motion to transfer this case to the U.S. Bankruptcy Court for the Northern District is DENIED.