**In re Mae V. CSONDOR, Debtor.**

**Mae V. Csondor, Plaintiff,**

v.

**Weinstein, Treiger & Riley, P.S., Defendant.**

**Bankruptcy No. 03–19582.**
**Adversary No. 03–1030.**

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 22, 2004.

Douglas G. Kunkle, Kunkle Law Offices, Allentown, PA, for Mae V. Csondor, Plaintiff.

Steven D. Usdin, Adelman, Lavine, Gold and Levin, Philadelphia, PA, for Weinstein, Treiger & Riley, P.S., Defendant.

### OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction

Before the Court is the Defendant's Motion to Dismiss for Lack of Standing and Failure to State a Claim under Rule 12(b)(6). The Debtor opposes the Motion. For the reasons set forth below, this adversary proceeding will be dismissed but without prejudice.

### Factual Background

After Debtor filed this bankruptcy, her counsel received a letter from the Defendant regarding a $5000 credit card debt. *See* Complaint, ¶ 9; Exhibit "A." The letter indicated that grounds might exist to challenge the dischargeability of that debt.

It also went on to remind counsel that a determination of *non* dischargeability meant that the debt survived any bankruptcy discharge. For that reason, the letter continued, the Defendant intended to refer the claim to a local attorney to obtain such a ruling unless the Debtor agreed to reaffirm the entire debt or repay $4000 in one lump sum. The letter then closed by giving the Debtor an opportunity to provide information explaining why the debt would not be found nondischargeable. Below the signature line was printed a notification to the Debtor of how she could dispute the debt in accordance with Federal law.

Based on the letter, the Debtor filed a complaint against the Defendant under the Federal Fair Debt Collection Practices Act[1] (FDCPA), the Pennsylvania Unfair Trade Practices and Consumer Protection Law,[2] and the Pennsylvania Fair Credit Extension Uniformity Act.[3] *See* Complaint. And she brings the Complaint not only on her own behalf but on behalf of all persons who received similar such letters from the Defendant within the last two years. *Id.,* ¶¶ 16–24. The Defendant has moved to dismiss the complaint for two reasons: first, that the Debtor lacks standing, for herself as well as for a class; and second, that the Complaint fails to state a claim upon which relief can be granted under the FDCPA or state law claims. *See* Motion. The Plaintiff opposes the Motion and the parties have submitted briefs. A hearing on the matter was held on December 17, 2003 after which the Court took the matter under advisement.

### Analysis

*The Issue of Subject Matter Jurisdiction*

■ Before this Court can rule on the Motion it must have jurisdiction over the

---

1. 15 U.S.C. § 1692

2. 73 Pa.C.S.A. § 201–1.

3. 73 Pa.C.S.A. § 2270.1 et seq.

subject matter. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 414 (3d Cir.1999) ("The Supreme Court has recently instructed us not to hypothesize jurisdiction, but to decide jurisdiction first and then address other issues only if there is jurisdiction." *citing Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998)). Indeed, Federal Rule of Civil Procedure 12(h) [4] provides that "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." F.R.C.P. 12(h)(3) (emphasis added); *see also* 28 U.S.C. § 157(b)(3) (requiring a bankruptcy judge to "determine, *on the judge's own motion* or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11...." (emphasis added)). A leading commentator opines that a Federal Court is duty bound—at any level of the proceedings—to address the issue *when it is perceived. See 2 Moore's Federal Practice*, § 12.30[1] (Matthew Bender 3d ed.) (emphasis added). *See also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 126 n. 1, 116 S.Ct. 494, 496 n. 1, 133 L.Ed.2d 461 (1995) ("[o]f course, every federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own motion") (Ginsburg, J, concurring).

The Complaint alleges that the "matter is a core proceeding within the meaning of 28 U.S.C. Sec. 157 et seq." Complaint, ¶ 2. That is as specific as the Debtor gets regarding jurisdiction; the Defendant is completely silent on that point. But while

jurisdiction is not challenged, the Court will inquire, as it must, whether Debtor's claims may be heard here.

 This requires a brief review of the Bankruptcy Court's jurisdictional structure. Title 28 of the United States Codes sets forth the limit of the Bankruptcy Court's jurisdiction:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all *core proceedings* arising under title 11, or *arising in a case under title 11,* referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

---

4. Bankruptcy Rule 7012(b) makes that rule applicable in adversary proceedings. B.R. 7012(b).

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

. . .

(c)(1) A bankruptcy judge may hear a *proceeding that is not a core proceeding but that is otherwise related* to a case under title 11.

28 U.S.C. § 157(b), (c) (emphasis added). As explained by this District's Chief Bankruptcy Judge Fox:

A proceeding is classified as "core" under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 267 (3d Cir.1991) (*quoting Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir.1990) which, in turn, quoted *Matter of Wood*, 825 F.2d at 97). Thus, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceed-

ing. . . ." *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir.1996). The second category of proceedings is referred to as "non-core" or "related" proceedings. A bankruptcy court may hear such proceedings but may submit only proposed findings of fact and conclusions to the district court, *see* U.S.C. § 157(c)(1), unless all parties agree that a final judgment may be entered in bankruptcy court. U.S.C. § 157(c)(2); *see, e.g., Halper v. Halper*, 164 F.3d 830, 836 (3d Cir.1999). The Third Circuit Court of Appeals has defined a non-core proceeding in the following terms:

Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless "related to" a bankruptcy case. *See* 28 U.S.C. § 157(c)(1). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (emphasis omitted); *see In re Guild*, 72 F.3d at 1180–81. "[T]he proceeding need not necessarily be against the debtor or against the debtor's property." *In re Guild*, 72 F.3d at 1180–81. " 'A key word in [this test] is conceivable. Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights liabilities, options or freedom of action or the handling and administration of the bankrupt estate.' " *Id.* at 1181 (*quoting In re Marcus Hook*, 943 F.2d at 264) (emphasis omitted). *Halper v. Halper*, 164 F.3d at 837 (footnote omitted)

Thus, the concept of a "related" proceeding is wider in scope than that of a "core" proceeding. Indeed, all core pro-

ceedings must be related to a bankruptcy case and so may be considered a subset of the broader set. *See In re Central Ice Cream Co.,* 82 B.R. 933, 936 (N.D.Ill.1987)("a proceeding that is not a related proceeding a fortiori cannot be a core proceeding").

Finally, the third category of proceedings are those which fall outside the definition of "non-core" because their outcome would have no effect upon the bankruptcy case. The outcome of a dispute will not have any effect on the bankruptcy case typically because it will not affect the property to be administered in the bankruptcy case, the total assets to be distributed, or the total claims to be paid. Over these proceedings a bankruptcy court has no subject matter jurisdiction. *See, e.g., Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984).

*Mandler and Voshell v. DVI Financial Services, Inc. (In re Nuclear Imaging Systems, Inc.),* Adv. No. 01–0882 (Bankr. E.D.Pa.2001) (Fox, Chief J.) Memorandum Opinion and Order dated September 24, 2001, pp. 5–7. Into which of these three categories do Debtor's claims fall?

*Is the Complaint A Core Proceeding?*

▪ Applying these standards, it is clear that neither the FDCPA nor the state law claims "arise in" or "arise under" a particular bankruptcy case. Neither cause of action represents a claim created by the Bankruptcy Code; neither type of claim arises from the administration of the bankruptcy case; and both claims exist independently of bankruptcy cases and are frequently raised in non-bankruptcy fora. Accordingly, these claims do not give rise to core proceedings. This leaves as the only remaining premise for jurisdiction that these claims "relate to" a bankruptcy case.

*Is the Complaint A Related Proceeding?*

Again, the test for a "related" proceeding is that it have some conceivable effect on the bankruptcy estate. The bankruptcy estate includes "all legal or equitable interests of the debtor in property *as of the commencement of the case.*" 11 U.S.C. § 541(a)(1)(emphasis added). And while neither party would dispute that chooses in action are property of the estate, 5 *Collier on Bankruptcy,* ¶ 541.04 (Matthew Bender 15th ed. revised), the claims raised in the Complaint did not exist "as of the commencement of the case." Rather, they arose after the bankruptcy was filed and thus will not impact the bankruptcy estate. Any recovery under these claims would belong to the Debtor and not her estate. The same outcome was observed by another bankruptcy court:

> Moreover, Goldstein's F.D.C.P.A. and tort claims are not within this court's "related to" bankruptcy jurisdiction. This is so under even the most expansive definition of related-to jurisdiction. Win, lose, or draw, the outcome of Goldstein's F.D.C.P.A. and tort claims cannot "conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). This is a Chapter 7 case. The F.D.C.P.A. and tort allegations involve post-petition conduct. Even if Goldstein were successfully to prosecute them, the recovery would be his, not his estate's. *See* 11 U.S.C. § 541(a). The claims hold no potential to impact in any way the "handling and administration of the bankrupt estate." *Pacor, Inc.,* 743 F.2d at 994.

*In re Goldstein,* 201 B.R. 1, 5 (Bankr. D.Me.1996); *see In re Steele,* 258 B.R. 319, 322 (Bankr.D.N.H.2001) (holding that bankruptcy court lacked jurisdiction to rule on FDCPA and state law causes of action for post discharge injunction viola-

tion); *McGlynn v. Credit Store, Inc.*, 234 B.R. 576, 584 (D.R.I.1999) ("Even if plaintiffs prevail on th[eir FDCPA] claim, the recovery would belong to them, not to their respective estates."); *In re Reyes*, 238 B.R. 507, 508 (Bankr.D.R.I.1999) (holding that bankruptcy court lacked jurisdiction to adjudicate postpetition state law claims); *Buckingham v. Baptist Memorial Hosp.*, 283 B.R. 691, 693 (N.D.Miss. 2002) (holding that FDCPA and RICO claims were not "related to" the estate because they all dealt with post-petition conduct and any recovery would go to the plaintiff and would have no conceivable effect on the estate); *In re Vogt*, 257 B.R. 65, 68 (Bankr.D.Colo.2000) (holding that bankruptcy court's limited jurisdiction prevents it from ruling on debtor's post-discharge FDCPA claim); *In re Close*, 2003 WL 22697825 *4 (Bankr.E.D.Pa.) (holding that bankruptcy court lacked subject matter jurisdiction even over UDAP claims arising out of violation of discharge injunction). Because the Complaint raises claims grounded in independent Federal and state laws and arising from post-petition conduct, they are not "related" to this bankruptcy for purposes of jurisdiction.

Having found that the claims in the Complaint constitute neither core nor related proceedings, the Court must conclude that it lacks subject matter jurisdiction to hear the claims. Accordingly, the Complaint will be dismissed without prejudice to allow the Debtor to bring it in the correct forum.

An appropriate order follows.

## ORDER

AND NOW, this 22nd day of January, 2004, upon consideration of the of Defendant's Motion to Dismiss for Lack of Standing and Failure to State a Claim under Rule 12(b)(6), the Plaintiff's Opposition, the briefs submitted by the parties, after hearing held on December 17, 2003, and for the reasons set forth in the attached Opinion, it is hereby

ORDERED that the Motion is Granted, albeit for reasons other than those set forth in the Motion, and the Adversary Proceeding is Dismissed without prejudice.